IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN CAWVEY, §<br>#2284771 §<br>§<br>VS. §<br>§<br>LAMAR CNTY. JAIL §| CIVIL ACTION NO. 4:22cv530 |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, John Cawvey ("Plaintiff"), a pre-trial detainee at the Lamar County Jail, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Lamar County Jail.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

This civil rights action was filed on June 4, 2022 (Dkt. #1). On June 24, 2022, Plaintiff moved to proceed *in forma pauperis*. On June 30, 2022, former Magistrate Judge Christine Nowak ordered Plaintiff to provide a certified copy of his inmate trust account (Dkt. #4). Plaintiff then filed three Notices of Change of Address on August 18, 2022, October 17, 2022, and February 24, 2023 (Dkt. #s 8-10). On March 13, 2023, former Magistrate Judge Christine Nowak ordered Plaintiff again to submit a certified copy of his financial activity from his current place of confinement (Dkt. #11). The Order gave Plaintiff fourteen (14) days to comply and admonished Plaintiff that failure to comply may result in the dismissal of his case for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Id*. The order was mailed to Plaintiff's last reported address at that time

which was the BM Moore Unit in Overton, Texas. On March 16, 2023, Plaintiff filed a Notice of Change of Address (Dkt. #12). A copy of the Order was re-mailed to Plaintiff at the new address at the Bradshaw State Jail on March 17, 2023. More than ample time has passed, yet Plaintiff has failed to comply with this Order or otherwise correspond with the court.

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Plaintiff has failed to comply with the court's Order entered March 13, 2023, or otherwise correspond with this court. Plaintiff has failed to prosecute his case.

## Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983, should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall

bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

    **SIGNED this 26th day of August, 2024.**

 

                                         _____
                                              AILEEN GOLDMAN DURRETT
                                            UNITED STATES MAGISTRATE JUDGE